UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-00205-JAW-6 |
| | ) | |
| JOWENKY NUÑEZ | ) | |

**ORDER OVERRULING OBJECTION TO REDACTED MEDICAL RECORD**

On March 22, 2021, the Court issued an order redacting Jowenky Nuñez's mother's medical record and placing the entire record under seal to give the parties an opportunity to object to the redactions. *Order on Mot. to File Med. Rs. Under Seal* (ECF No. 1081). On March 29, 2021, Mr. Nuñez objected to the Court's proposed redaction. *Def's Obj. to Court Order Dated Mar. 22, 2021 re: Mot. to Seal Mother's Med. R.* (ECF No. 1084) (*Def.'s Obj.*). On April 5, 2021, the Government filed its response. *Gov't's Resp. in Opp'n to Def.'s Obj. to Ct. Order Dated Mar. 22, 2021* (ECF No. 1085) (*Gov't's Opp'n*).

The Court overrules Mr. Nuñez's objection. Mr. Nuñez's first proposition is that the presumption of public access attaches only if a member of the public requests a judicial record. *Def.'s Obj.* at 1-3. This assertion is simply frivolous, constructed out of whole cloth, and entirely without merit. Mr. Nuñez cites no caselaw in support of his novel proposition because there is none.

The law is to the contrary. The law creates a presumption of public access to judicial records, "material on which the court relies in determining the litigants' substantive rights." *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013) (internal citation omitted). When Mr. Nuñez filed his mother's medical record, he "meant to

effect the judge's sentencing determination," *id.* at 58, and therefore the medical records took "on the trappings of a judicial document under the common law." *Id.* (citation omitted). As such his mother's medical record was presumptively public.

Once a judicial record is presumptively public, a district court may seal a judicial record only if it sets forth a "detailed explanation that the law requires," *id.* at 60, and the court must base its ruling "on a particular factual demonstration of potential harm, not on conclusory statements." *Id.* (quoting *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412 (1st Cir. 1987)). Although the obligation to articulate the basis for sealing rests with the judge issuing the sealing order, it is the proponent of sealing, in this case Mr. Nuñez, who is required to provide the Court with the basis for sealing a document that would otherwise be public.

The Local Rules of the District of Maine incorporate the First Circuit directive. *See* D. ME. LOC. R. 7A. Local Rule 7A(a) requires practitioners, who wish to file a document under seal to "propose specific findings as to the need for sealing and the duration the document(s) should be sealed." *Id.* 7A(a). The motion "shall include a statement whether there is agreement of the parties to the sealing." *Id.*

Both *Kravetz* and the Local Rule make it clear that a motion to seal that fails to specify the basis for the motion is inadequate. In *Kravetz*, the defendant filed her sentencing memorandum merely asserting that the documents were "personal to her," a basis that the First Circuit described as deficient. *Id.* at 60. Here, Mr. Nuñez moved to seal his mother's medical record, merely stating that "this record contains personal information." *Def.'s Mot. to File Under Seal – Mother's Med. R.* at 1 (ECF

2

No. 1073). This is almost exactly the same language the First Circuit found wanting in *Kravetz*. In the Court's view, Mr. Nuñez's motion to seal complied neither with First Circuit caselaw nor the Local Rule.

But more to the point, Mr. Nuñez's position is at odds with the presumptively public nature of the document. The *Kravetz* Court described the policy underlying public access to judicial records: "Courts have long recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty, and respect for our legal system.'" *Kravetz*, 706 F.3d at 52 (quoting *In re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002) (quoting *Siedle v. Putnam Invest.*, 147 F.3d 7, 10 (1st Cir. 1998))). A member of the public should not have to file a motion with a court to obtain access to a document that the public has a right to access without a motion. Nor does Mr. Nuñez explain how a member of the public interested in accessing judicial records will know whether to ask for sealed documents.

Despite Mr. Nuñez's non-compliance with caselaw and the Local Rules, on February 16, 2021, the Court raised the sealing question regarding the mother's medical record, cited the *Kravetz* case, analyzed *Kravetz* as it applied to the mother's medical record, noted that Mr. Nuñez's motion was "inadequate for the Court to conclude that the attached medical record should be sealed as opposed to redacted and [to] make the judicial findings that the First Circuit requires in order to seal a judicial record." *Order on Mot. to Seal* at 4 (ECF No. 1076). The Court allowed Mr. Nuñez seven days to respond to its public access concerns and meanwhile maintained the order to seal his mother's medical records. *Id.* The Court filed an appendix in

which it analyzed the mother's medical record and explained its view of the relevance of the record for purposes of ruling on Mr. Nuñez's motion. *Appendix to Order on Mot. for Compassionate Release* (ECF No. 1077).

Mr. Nuñez responded on February 23, 2021, reiterating his position that his mother's entire medical record should remain sealed and not proposing that any portion of the record should be redacted as contemplated by Local Rule 7A and this Court's February 16, 2021 order. *Br. in Supp. of Def.'s Mot. to File Under Seal – Mother's Med. R.* (ECF No. 1078). Nor did Mr. Nuñez respond to the Court's determination that some portions of the mother's medical record were part of a judicial record and should made public. *Id.*

On March 22, 2021, the Court issued yet another order on the sealing issue, rejecting once again Mr. Nuñez's persistent claim that his mother's medical record should remain entirely sealed. *Order on Mot. to File Med. Rs. Under Seal* at 1-18. The Court concluded that Mr. Nuñez's mother's medical record was presumptively public and that under *Kravetz*, partial redaction best balanced the public and private interests at stake. *Id.* at 10-17. The Court did the redaction work that Local Rule 7A contemplates the proponent of the sealing must do and offered Mr. Nuñez an opportunity to object to the proposed redactions. *Id.* at 18; *see Redacted Med. R.* at 3-5 (ECF No. 1083).

On March 29, 2021, Mr. Nuñez objected. *Def.'s Obj.* at 1-3. In his response, except for objecting to the revelation of his sister's name, Mr. Nuñez did not address the Court's proposed redactions. *Id.* Without citing caselaw, he reiterated his

consistent view that redaction is "contrary to caselaw." *Id.* Mr. Nuñez accused the Court of being "peremptory" and acting "without foundation." *Id.* at 3. Mr. Nuñez again demands that his mother's medical record be sealed in its entirety. *Id.* Although Mr. Nuñez correctly observed *Kravetz* concerned a journalist's request to access judicial records, his argument that judicial records should remain sealed until the public requests access turns *Kravetz* on its head. Contrary to Mr. Nuñez's position, *Kravetz* clearly prohibits federal courts from sealing presumptively judicial records without justification until a third-party requests access. That is the core holding of *Kravetz* and the Court questions how Mr. Nuñez can read the case any differently.

The fact is, Mr. Nuñez moved to seal documents he filed before the Court and bore the burden of justifying a complete seal. He did not carry his burden in his initial motion, and he has not carried it now.[1] Mr. Nuñez has refused to substantively respond to the Court's orders and only insisted he is right. The Court OVERRULES his objection to the Court's proposed redactions.

Even though the Government agrees with Mr. Nuñez that his sister's name should be redacted from the medical record, the Court declines to do so. First, there is nothing remotely scandalous, inappropriate or even private about the medical record confirming that Mr. Nuñez's sister was present at his mother's medical visit

---

[1]     Of course, it is true that issues involving the public access to judicial records are often brought to courts by third parties, most commonly members of the media as in *Kravetz*, *In re Providence Journal*, and *In re Boston Herald, Inc*, 321 F.3d 174 (1st Cir. 2003). But it is illogical to extrapolate from the fact that some public access issues are resolved by third party motion, that a court is not obligated to comply with the presumption of public access unless a third party makes a motion.

to Harlem Hospital on January 18, 2019.  Second, the medical record itself confirms that Mr. Nuñez's sister was either familiar with her mother's medication regimen or translated this information for her mother.  Third, it is Mr. Nuñez who brought his sister's name into this case in his February 2, 2021 filing, when he wrote:

> Mr. Nuñez has four possible siblings who live in the United States who might provide caregiver support to Mr. Nuñez's ailing mother (Maritza Nunez); his two half-brothers Alfarabic Mally and Kelvin Mally; and his two half-sister[]s Kimberly Nuñez and Kaylin Rivera.

*Suppl. to Jowenky Nuñez's Reply to Gov't's Obj. to Def.'s Mot. for Compassionate Release* at 1 (ECF No. 1069).  He goes on to say:

> In a phone call with counsel, Alfarabick stated that he works for an agency which provides employment at factories; Kelvin works at a downtown hotel; Kimberly is a manager at a medical clinic and lives in New Jersey; and Kaylin works at a retail store downtown.  None live with their mother.

*Id.* at 2.  The fact that Kimberly, who lives in New Jersey and works as a manager at a medical clinic, would be available to meet with their mother's medical provider at Harlem Hospital somewhat contradicts Mr. Nuñez's general proposition that he was the only child able to care for their mother.  Fourth, in its March 22, 2021 appendix, the Court noted that one of the reasons the mother's medical record had become a judicial record is that it confirmed that "at least one sibling [was] able to take Ms. Nuñez to her medical appointment."  *Appendix to Order on Mot. for Compassionate Release* at 7 (ECF No. 1082).  The medical record confirms the accuracy of the Court's observation by confirming that the name of the individual at the mother's medical appointment was in fact one of Mr. Nuñez's two sisters.  As Mr. Nuñez was the person who brought his sister's name into the case, the Court is not convinced that the brief

6

reference to his sister being at the Harlem Hospital with their mother at her medical appointment has any significant privacy implications. On balance, the Court declines to redact her name from the medical records.

The Court OVERRULES Jowenky Nuñez's objection to the Court's redaction of his mother's medical record.[2] To allow Mr. Nuñez to challenge this order on appeal, the Court ORDERS that the documents under the following sealed entries remain sealed for a period of fifteen days from the date of this Order: ECF Numbers 1082 and 1083. If Jowenky Nuñez appeals this Order, the sealing orders will remain in effect until further order of the Court of Appeals for the First Circuit or this Court. If Jowenky Nuñez does not appeal, the documents will be unsealed without further order of this Court.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2021

---

[2]   In resolving this simple sealing issue, the Court has now issued three orders and two appendixes. *Order on Mot. to Seal* (ECF No. 1076) (four pages); *Appendix to Order on Mot. for Compassionate Release* (ECF No. 1077) (seven pages); *Order on Mot. to File Med. Rs. Under Seal* (ECF No. 1081) (eighteen pages); *Appendix to Order on Mot. for Compassionate Release* (ECF No. 1082) (seven pages); *Order Overruling Obj. to Redacted Med. R.* (ECF No. 1086) (seven pages). Even though the First Circuit has required the district courts to articulate why a document should or should not be sealed, the Court has been forced to divert its attention from other pressing issues and devote its time to explaining in this case what is easily resolved in countless others, all largely because of defense counsel's intransigence.